Judge Ewing
delivered the Opinion of the Court.
' This case was formerly before this Court, and its history, as well as the principles then settled, will be found reported in 3 J. J. Mar. 553. Upon a petition for rehearing, the case was remanded to the Circuit Court, for the want of proper parties. After the return of the cause, Clark having died, the suit was revived in the name of his administrator, and the necessary parties made. Additional answers were put in by the defendants, further proof taken, and the case progressed to a final decree, subjecting the land sold by Clark to Crockett, to the satisfaction of the balance due on Clark’s judgments.
From this decree, Hunt has appealed to this Court.
A def’t charged with notice of a lien upon land at the time he took a mortgage on it, answers that, he ‘most expressly denies, according to his best recollection and belief, that at the time of the execution of the mortgage, or of his being in treaty for it, he had any notice of the claim (secured by the lien) and that if it ever was mentioned in his hearing, it must have happened in some other conversation, and in relation to other proposals to sell, —long anterior to the contract that did take place:’ held, that the testimony of one witness,who proves the notice — the time when and place where it was communicated— circumstantially, must prevail against the answer thus qualified.
The depositions filed since the cause returned to the Circuit Court, furnish no ground for rejecting the depositions that were before taken, nor have they changed the proof as to the material facts.
The new answer put in by Hunt, rather tends to weaken his defence, and to fortify the correctness of the opinion then expressed by the Court.
He says, “ this respondent most expressly denies, according to Ms best recollection and belief, that at the time of the execution of the mortgage, or of his being in treaty for the same, that he had any notice of the existence of the complainant’s pretended claim. And if at any time, in his hearing, or where he might have heard, it was said or uttered, that said Crockett was'indebted, in part, for said land, (which this respondent does not admit but denies,) it must have happened in some other conversation, and in relation to other proposals to sell, on the part of said Crockett, long anterior to the contract that did take placed’
The first part of his denial is qualified by the use of the saving words “according to his best recollection and belief,” which rather implies a doubt in his own mind, whether he may not have had notice, but which had escaped his recollection at the time of his answer. And the latter part of it confines the denial to notice at the ■time of the execution of the mortgage, or when in treaty for the same, which rather implies an admission that notice may have been communicated to him, before he was in treaty for, or received the mortgage.. And this implication is strengthened by the conclusión of the denial, in which he contends, that if it was.' said or uttered that Crockett was indebted for the land, it must have happened in some other conversation, and in relation to some other proposals to sell, on the part-of Crockett, long anterior to the contract that did take place.
The whole denial, taken together, amounts to but little, if any thing, more than a positive denial of any recollection at the time when he files his answer, of notice at the time when he received the mortgage, .and of an implied concession that it may have been given to him long before, in some other treaty about the purchase, which *58 had escaped his recollection at the time when he took the mortgage. Now all this may be true, and Crockett’s statement also be true. He may not recollect it, at so late a period, as the day on which he filed his answer, ^ J " and yet the fact affirmatively stated by Crockett, be true, that he did give him. notice. And if the answer is to be tested by those rules by which the testimony of witnesses is to be weighed, namely, that their statements .are to be so reconciled with each other as to be made stand together, if possible, upon the presumption that each has sworn the truth, and that the fact affirmatively deposed to, by a single witness, is to be believed, .though several, who may have been in a situation to 'hear or see,.swear that they do not recollect it, then would 'the preponderance be greatly in favor of the truth of ■ the fact deposed to by Crockett.
Minute circumstances witness which, if untrue, disproved,6 tend to strengthen his testimony.
.'A defendant de-. allien when he .acquiredamort•date of the earliest notice he recollects, but an .earlier notice is proved; tho’.the quent to the Uens^helnswer' A main fact being denied by an answer, and several minor facts also, proof of several of the latter, by different witnesses, may so weaken the answer, as. • to the main fact,, that proof by a single witness, will prevail against it.
*58 But when we take into consideration the circumstances attending the .communication made by Crockett to Hunt, all of which are detailed by Crockett, and many .of them were susceptible of being disproved, if they were untrue, much is added to the force of his statement,
Hunt was in treaty to purchase the land, and had .gone down to examine it, and they were then on it, making the examination; Crockett had .purchased it but a few months before; it was a large and valuable connection; they were old acquaintances, and there had been large dealings between them. How natural was it, therefore, for Hunt to enquire, or Crockett to develop, the terms of his late purchase from Clark — what he gave down, how much he owed, and all about it?
But when we add to the preponderance of probability in favor of the statement of Crockett, the testimony of Clark, we cannot doubt but that Hunt had notice, Though Clark proves notice at a distinct time, and after the mortgage was executed, as it contradicts the denial ° ’ . . . oí Hunt, as to the time he first received notice, or his recoiiecaon 0f the time, it weakens his denial, and conse.quently adds to the weight of the testimony oí Crockett.
And we cannot admit, that the proof by one or more witnesses, of several independent, disconected facts, *59 which have been denied with equal pertinacity, with the main fact, may not weaken the denial of the main fact, so as to give a preponderance to the deposition of a single witness over the denial in 'the answer; and especially, when he deposes to a train of circumstances, which impresses the mind with a conviction of the truth of his statement.
Where a party taking a mortgage had a previous notice of a pre-existing lien upon the land, he cannot escape the effect' of the notice by having forgotten it at the time be - took the mortgage.
We cannot adqiit, that if Hunt had notice before the mortgage was executed, that he can escape from its effects, by not recollecting it, at the time when he took the mortgage, or was in treaty for it.
He was, by notice, put upon his guard, and if he forgot it, it was his own misfortune. Besides, the notice was given to him when he was in treaty for a purchase of the land, which terminated in the execution of the' mortgage.
And though he may have forgotten it, at the time when he answered, it is not probable that he had forgotten it when the mortgage was made, as the communication was made to him a very short time before.
Upon the whole, therefore, without pursuing the subject further, we are satisfied that Clark’s lien should be enforced.
The decree, therefore, of the Circuit Court is affirmed,. with costs and damages.