## Cox v. Guaranty Bank & Trust Company.

(Decided May 8, 1923.)

### Appeal from Fayette Circuit Court.

1. Mortgages—Unrecorded Mortgage is Valid Against Subsequent Mortgagee With Notice.—Under Ky. Stats., section 496, providing that no mortgage shall be valid against a purchaser for valuable consideration without notice until it is recorded, an unrecorded mortgage is valid against a subsequent mortgagee who had notice of the existence of the prior mortgage, or knowledge of such facts as would lead to inquiry which would discover the existence thereof.

2. Mortgages—Junior Mortgagee's Admissions Held to Show He Had Notice of Senior Mortgage.—Where a junior mortgagee testified on direct examination he did not know for a certainty when he took his mortgage, that a prior mortgage had been given, but on cross-examination admitted that the mortgagor had told him of the

prior mortgage, his admissions were sufficient to show that he had notice of the prior mortgage so that it was entitled to priority over his, even though it had not been recorded.

3.   Mortgages—Fact Debt Secured by Junior Mortgage was Incurred First Does Not Give it Priority.—The fact that the debt secured by a junior mortgage represented a loan made to the mortgagor without security before the execution of a senior mortgage covering the same property does not entitle the junior mortgage to priority over the senior mortgage.

R. S. CRAWFORD for appellant.

J. R. FARMER and J. J. McBRAYER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

This appeal presents a question of priority between mortgagees of land.

One Wills borrowed $7,500.00 from appellee Guaranty Bank & Trust Company, of Lexington, on March 1, 1920, and to secure this sum mortgaged to the trust company a tract of 81 acres of land lying in Fayette county.   This mortgage, bearing date March 1, 1920, was not recorded until several months later.   On March 7th, 1921, Wills mortgaged the same land to appellant Cox to secure an indebtedness of $1,670.10, and this mortgage to Cox was immediately recorded in the proper office.   At the time of the making of the loan by Cox to Wills and at the time of the execution of the mortgage by Wills to Cox and its recordation, the mortgage from Wills to appellee trust company had not been recorded in the office of the clerk of the Fayette county court nor elsewhere.   Upon these facts appellant Cox insists that as his mortgage was first recorded he has a lien prior to that of appellee trust company.   This insistence is based, as stated in brief for appellant Cox, on section 496, Kentucky Statutes, reading:

"No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage shall be acknowledged or proved according to law and lodged for record."

Appellant Cox insists that a mortgage, such as the one under consideration, is not valid against a creditor until such mortgage is acknowledged and lodged for

record. He overlooks a very material part of the clause of the sentence which reads, "without notice thereof." The section has often been held to mean that mortgages are valid against creditors whether recorded or not if such creditor at the time of or before extending credit had actual knowledge of the existence of the mortgage or had knowledge of such facts as would lead a reasonably prudent person under like circumstances to inquire into the matter and discover the existence of the mortgage. Flowers v. Mooreman, &c., 27 R. 728; Kentucky Statutes, sec. 496; Kent's Commentaries, vol. 4, pages 170-173; R. C. L., vol. 19, art. 201; Emery, et al. v. Vaughn, et al., 18 Ky. L. Rep. 281; Hunt v. Clark's Admr., 36 Ky. 56, 27 Cyc., p. 1186; Willis v. Vallette, 61 Ky. 186, 27 Cyc., p. 1191; Homes v. Stix, et al., 104 Ky. 351.

Turning now to the proven facts, we may say that Wills who executed both mortgages states positively that he not only told appellant Cox that he owed appellee trust company $7,500.00 but that he also told him before executing the mortgage to Cox that he (Wills) had executed a mortgage upon the same property to appellee trust company. Appellant Cox being called as a witness testified in his own behalf that he did not know for a certainty at the time Wills executed the mortgage to him that Wills had executed a mortgage on the same property to the trust company. But being pressed on cross-examination Cox grudgingly admitted in his evidence that Wills told him about the mortgage to appellee trust company before the mortgage was executed upon which Wills relied. He admitted that Wills told him of his indebtedness of $7,500.00 to the appellee trust company, and that he knew there was some arrangement by which Wills had secured this indebtedness to the trust company, but he stated he did not know what the arrangement was. One cannot read the evidence given by appellant Cox without concluding that he knew at the time he took the mortgage from Wills to secure a past due indebtedness upon the same property that Wills had executed a mortgage thereon to appellee trust company to secure $7,500.00 owing by Wills to the trust company. This fact being ascertained it cannot but be admitted that the unrecorded mortgage of which Cox knew at the time he accepted the mortgage from Wills must prevail over the junior one executed by Wills to Cox.

Appellant Cox insists, however, that his indebtedness was incurred several months before the mortgage was

executed by Wills to him and that his knowledge of the existence of the mortgage to appellee trust company, to be effectual against him, must have been known to him at the time he loaned the money to Wills, several months before the mortgage was executed by Wills to Cox. With this contention we cannot agree. According to appellant Cox's contention he loaned the money to Wills without security, and it must be presumed he did so willingly. As between the trust company and Wills the mortgage made by Wills to the trust company was valid from the day of its execution until its enforcmeent by this action. It was valid against appellant Cox from the time he had knowledge of its existence. The mere fact that he afterwards took a mortgage upon the same property, knowing of the existence of the first mortgage to the trust company, did not change his status.

The trial court adjudged the lien of appellant trust company prior to that of appellant Cox.

There appearing no error to the prejudice of the substantial rights of appellant Cox the judgment is affirmed.

Judgment affirmed.