## Lincoln Bldg. And Loan Ass'n v. Liberty Nat. Bank & Trust Co. et al.

February 17, 1950.

Roscoe Conkling, Judge.

Bader & Maratta for appellant.

Woodward, Hobson & Fulton and Davis, Boehl, Viser & Marcus for appellees.

JUDGE LATIMER—Affirming.

This appeal is from an order dismissing plaintiff's petition.

The matter out of which this action arose has been before this court in the case of Lincoln Building and Loan Association v. Cohen et al., 292 Ky. 234, 165 S. W.

2d 957, 960. We shall not here undertake to restate the facts in detail. Briefly, however, it appears that Frankenberger represented non-resident clients who had been devised property in Louisville. He later qualified as executor de bonis non. While so acting he was authorized by his clients to secure a loan on the real estate in the sum of $600 for some ready money. He prepared the mortgage and forwarded it to his clients for proper acknowledgment, but on return of the mortgage, instead of recording it, he removed the acknowledgment therefrom and attached it to a deed and thus conveyed the property by deed to Irving S. Cohen, a friend and associate. Cohen then made application to the Lincoln Building and Loan Association for a loan of $2,000, which was granted, and, after withholding $200 to cover cost of painting the property and cost of examination of title and taxes, the Building and Loan Association issued its check to Cohen in the sum of $1739.09. Cohen then delivered this check unendorsed to Frankenberger, who signed Cohen's name to the check, endorsed it himself and then presented it to and cashed it at Liberty National Bank and Trust Company. The Liberty National Bank in turn endorsed the check and presented it for payment to the Louisville Trust Company, where the amount of the check was then deducted from the Building Association's deposit. The Building and Loan Association apparently has realized nothing on its judgment against Cohen, as obtained in the above cited case. This action is brought to recover from appellees that amount.

It is contended that this loss should be placed on appellee banks since they cashed the check without a proper authorization from Cohen for the endorsement of his name on the check.

Appellees take the position that the appellant Association suffered no loss or damage by reason of payment of the check, since they gave the check for that purpose. It is insisted that even though the endorsement had been proper in every respect, appellant still would have lost.

The whole difficulty goes back to the forging of the deed, which in no way can be chargeable to appellee banks. Appellant Association was the one dealing with Cohen. A check was given to Cohen in the presence of

Frankenberger. It was given for the purpose of being cashed. This is not a situation where the principal° is complaining that a check was cashed without authority. In Lincoln Building and Loan Association v. Cohen, above, discussing Cohen's position, we said: "* * * He held out Frankenberger as his agent and attorney, and when he delivered the $1,739.09 check to Frankenberger he knew that Frankenberger's purpose was to cash it. He impliedly authorized Frankenberger to do whatever was necessary to obtain the cash, including signing his name as endorser. He represented to the Association that he was the owner of the real estate and had purchased it at a price of $4,250, and, relying upon his representations and the execution by him of the note and mortgage, the Association paid out the sum of $2,000. Even if he was nothing more than an innocent tool of Frankenberger, it was his conduct that made the fraud possible. This is a proper place for application of the well-known rule in equity that as between two innocent persons he must suffer who, by his acts or laches, has made a loss possible. Roberts v. Rider, 255 Ky. 266, 73 S. W. 2d 17; Citizens' Union National Bank v. Terrell, 244 Ky. 16, 50 S. W. 2d 60; Anglo-American Mill Company v. Kentucky Bank & Trust Company, 243 Ky. 124, 47 S. W. 2d 951."

This is made more evident by the testimony of Judge Speckman, in testifying for appellant, wherein he stated: "I might add this, that at the time the Lincoln Building and Loan Association issued these checks we issued them to Irving S. Cohen. He was the borrower, and we expected our account at the Louisville Trust Company to be charged with the check which was issued to Irving S. Cohen." That is exactly what happened. Thus, it will be seen that it was not by the acts or laches of appellee banks that the loss was occasioned, since the check was delivered for the purpose of being cashed, and in pursuance of that purpose was cashed.

In Commercial Bank of Grayson v. Arden, etc., 177 Ky. 520, 197 S. W. 951, 954, L. R. A. 1918B, 320, it was said: "In a state of case, where the drawer of a check would not suffer any injury by its payment by the bank upon which it was drawn, the mere fact that the check was indorsed by the original payee by agent without

written authority would not give the drawer a right of action."

Clearly, then, under the facts herein and the rules above, appellant lost nothing through any fault of appellees in cashing this check. Consequently, appellant has no right of action against them.

Wherefore, the judgment is affirmed.