**Albert L. AKERS and Sharon Marie Akers, Appellants,**

**v.**

**CUSHMAN CONSTRUCTION COMPANY, INC., et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 22, 1972.

Rehearing Denied Dec. 15, 1972.

Arthur B. Rouse, Jr., Fowler, Rouse, Measle & Bell, Lexington, for appellants.

Lindsey W. Ingram, Jr., Stoll, Keenon & Park, Goldberg & Lloyd, H. Wayne Riddle, Miller, Griffin & Marks, Gerry L. Calvert, Daniel N. Brock, Brock & Brock, Frank G. Dickey, Jr., Jerry Anderson, Nelson Hoskins, C. Timothy Cone, Lexington, for appellees.

CATINNA, Commissioner.

Albert L. Akers and Sharon Marie Akers filed this action in the Fayette Circuit Court, Fourth Division, against Cushman Construction Company, Inc., Security National Bank and Trust Company of Lexington, and McCormick Lumber Company, seeking specific performance of a contract executed by Cushman to convey a certain house and lot, or that they be adjudged an

equitable lien on the property to secure the sum of $9,000 advanced by them to Cushman; and that their equitable lien be adjudged prior and superior to all liens on the property, including Security National Bank's mortgage lien in the amount of $25,000, and the mechanic and materialmen lien of McCormick Lumber Company. Other holders of mechanic and materialmen liens were made parties to the action.

By agreement of all the parties the property was sold by the master commissioner, the order of sale providing that any liens adjudged to the parties should attach to the proceeds of sale.

The trial court adjudged that each party recover the amount claimed and allowed in the master commissioner's report on claims. It was further adjudged that Akers had an equitable lien on the property; however, priority of liens was adjudged as follows:

1.  First Security National Bank and Trust Company—a lien prior and superior to all other liens;

2.  All mechanic and materialmen claimants—a lien prior and superior to all liens except the lien of the First Security National Bank and Trust Company;

3.  Albert L. Akers and Sharon Marie Akers—a lien prior and superior to all liens except the liens of the First National Bank and Trust Company and the mechanic and materialmen claimants.

Albert L. Akers and Sharon Marie Akers appeal. We affirm the judgment.

The sole issue before this court is whether the equitable lien of Akers is prior and superior to the other liens asserted in this action.

On July 22, 1966, Akers purchased from Webster a one-acre lot on the Lemons Mill —Mt. Horeb Pike in Fayette County, identified as Tract "B." The deed to the tract was duly recorded in the Fayette County Court Clerk's office.

On September 3, 1968, Akers and Cushman signed a contract by which Cushman was to construct a residence on this lot. The contract price of $36,054 was to be paid, $500 upon execution of the contract and the balance as follows:

"Upon receipt of the firm commitment and prior to the start of construction purchaser shall pay Cushman Const. Co. Inc. $2,500.00 cash and shall deed subject lot to Cushman Const. Co. Inc. at which time Cushman Const. shall acknowledge receipt of $6,000.00 as deposit on contract monies. The balance shall be paid in cash at time of closing, and by purchaser obtaining a first mortgage loan in the amount of $25,000.00 and disbursing proceeds to Cushman Const. at closing."

The contract also provided that Cushman would convey this lot with the completed house to Akers not later than January 31, 1969.

The contract, although signed by the parties, was not acknowledged by them at the time of execution. On May 29, 1969, Albert Lee Akers acknowledged the contract before a Notary Public. The contract was recorded on June 5, 1969, which was subsequent to the date of the transaction between Cushman and the First Security National Bank.

A firm loan commitment was obtained on October 4, 1968. On October 10, 1968, Akers paid Cushman $1,500, and on October 25, 1968, the final $1,000 was paid.

On October 26, 1968, Akers and his wife conveyed to Cushman Construction Company, Inc., the one-acre lot acquired from Webster. The consideration for the conveyance was set out in the deed as follows: "That for and in consideration of the sum of $6,000.00 cash in hand paid, the receipt of all of which is hereby acknowledged * * *." Akers did not retain a lien in the deed to secure

the $6,000 that was not paid, nor to assure a reconveyance of the property as required by the contract of September 3, 1968. Further, the deed contained no recitation of the agreement between the parties, and there was nothing to indicate that the property was to be reconveyed or that Cushman agreed to reconvey as required by the contract. This deed was recorded on November 13, 1968.

On November 13, 1968, Cushman obtained a construction loan from First Security National Bank in the amount of $25,000. This loan was secured by a mortgage on the one-acre tract that Akers had conveyed to Cushman, which mortgage was duly recorded on November 13, 1968. The proceeds of the loan were disbursed to Cushman in eight installments, the last being made on April 23, 1969.

In April or May of 1969 Cushman Construction Company became insolvent and abandoned any further construction on the property.

On May 23, 1969, the first mechanic's lien was filed against the property and by July 18, 1969, eleven additional mechanic's liens were filed.

The contract of September 3, 1968, between Akers and Cushman was not recorded until June 5, 1969. There is no evidence indicating that the mechanic-lien claimants ever had notice of the existence of the contract or Akers' equitable lien at any time before their performance of the services or delivery of the materials requested by Cushman.

The evidence is inconclusive in regard to the bank's knowledge of the contract. At some time it received a copy of the contract, but it appears that this happened after the mortgage loan had been made and partially disbursed.

When Akers and his wife executed the deed to Cushman Construction Company, they knew that the conveyance was for the purpose of Cushman's obtaining a construction loan secured by a mortgage on the property. Even though they had a substantial investment in the property, they neglected to take even the most elementary precautions to protect the interest. They did not promptly record the contract. The deed to Cushman Construction Company was a clear and unequivocal conveyance of an unencumbered title.

The property sold for $27,000. There was due the bank $25,000, together with interest at 7% from May 13, 1969; the mechanic-lien claimants a total of $13,107.83; and the Akers, $9,000.

The answer to the question of who sustains the loss will be determined by established lien priorities. Satisfaction of the prior lien claimed by Akers could only be had to the detriment and loss of the other parties. Yet, it was the laches and negligence of Akers that made possible this circumstance where someone must lose if Akers prevails.

■ We are of the opinion that as this situation is a creature of the Akers' laches and negligence they must bear this loss, and we therefore hold that the equitable lien of Albert L. Akers and Sharon Marie Akers is inferior and subject to the lien of the First Security National Bank and Trust Company and the liens of the mechanic and materialmen lien holders.

■ This is a proper place for application of the well-known rule in equity that as between innocent parties he must suffer who, by his acts or laches, has made a loss possible. Lincoln Building and Loan Association v. Liberty National Bank & Trust Company, 312 Ky. 282, 227 S.W.2d 191 (1950).

In Louisville Asphalt Company v. Cobb, 310 Ky. 126, 220 S.W.2d 110 (1949), we said:

"We have inherited the maxim from ancient days that equity aids one who has been vigilant and will refuse relief to one who has been dilatory or wanting

in diligence in prosecuting his cause of action, or who has slept on his rights. It finds application in the doctrine of estoppel and is given effect in innumerable fact settings. Along with this is the maxim that he who seeks equity must do equity. Under that principle, where the question for determination is whether one party or another has the prior or superior right, the decision should be against the party who has the weaker equity or the one who was in better position by reasonable diligence or care to have averted the loss which now must be borne by the one or the other."

See also Broom's Adm'r v. National Auto Sales, Inc., Ky., 246 S.W.2d 1008 (1952).

The judgment is affirmed.

All concur.