**In re Hershell Jack TAYLOR, Betty Jean Taylor, Debtor.**

**Bankruptcy No. 38002813.**

United States Bankruptcy Court, W. D. Kentucky.

Feb. 22, 1982.

Jan C. Morris, Louisville, Ky., for creditor.

J. Baxter Schilling, Louisville, Ky., trustee.

Terrance Allen Jones, Louisville, Ky., for debtor.

### ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The question is whether a real estate mortgage on the debtors' home was sufficiently perfected to defeat a claim against the property by the bankruptcy trustee. We hold the rights of the mortgagee to be superior.

Hershell and Betty Taylor bought their home from Mrs. Alice Phelps (and her now deceased husband) in 1963 under an owner-financing arrangement. The resulting mortgage instrument was in perfectly recordable form in all particulars save one; it did not recite the maturity date of the secured obligation.

KRS 382.330 requires such information in mortgages to put them in proper form for recording, and penalty provisions of the statute permit fines to be levied against the offending county court clerk and the persons causing defective instruments to be lodged to record.

The question of criminal sanctions aside, Kentucky courts have shown an uncharacteristic liberality in upholding the legal efficacy of instruments technically deficient under the recording law. The judicial attitude, an altogether realistic one in our view, is a century old and will not be here disturbed. See *Frazier v. Tialiaferro*, 6 Ky.L.

Rep. 744, 13 Ky.Op. 395 (1885) (Literal exactness not required); *Newsome v. Greer*, 235 S.W.2d 782 (Ky.1951) (an apparent deed held to be a mortgage), and cases of intervening vintage cited in the brief of the creditor Phelps.

We distinguish the recent case of *Schilling v. Underwood*, No. C80–0136–L(B) (W.D.Ky.1980), in which failure to record an automobile mortgage within fifteen days as required by state statute rendered the mortgage voidable by the bankruptcy trustee. Judge Ballantine, in reversing the bankruptcy court, held that failure of literal compliance with the statute raised not only the technical question of proper *recordation*, but the more substantive question of *perfection*. *Schilling v. Underwood*, supra at p. 4.

The purpose of recording statutes is to give notice to the world at large of legal rights in property located within the state's boundaries. The effectiveness of the statutes is open to question. Would that it were within the power of this court to remedy the notice deficiencies of a system comprised of 120 separate and uncoordinated repositories of information, each having technical niceties designed to generate fees for the clerks who run them. But it is not.

The mortgage in question recites no maturity date. It does provide for monthly payments of $25.35 "until paid in full". A person having sufficient interest in the matter could make the necessary mathematical computations to derive the payout date, but anyone could learn of the existence of the security interest because the mortgage was recorded, however improper in form.

Accordingly, the objection of the creditor Phelps to sale by the trustee of the property located at 8503 Minors Lane, Louisville, is SUSTAINED.