In re Joe THACKER and Elizabeth Ann Thacker, Debtors.

Joe Thacker and Elizabeth Ann Thacker, Plaintiffs,

v.

United Companies Lending Corporation, Defendant.

Bankruptcy No. 98–50141(3)13. Adversary No. 98–5016.

United States Bankruptcy Court, W.D. Kentucky, Louisville Division.

Nov. 30, 1998.

David E. Arvin, Hopkinsville, KY, for Debtors.

T. Morgan Ward, Jr., Bethany A. Breetz, Louisville, KY, for Defendant.

William W. Lawrence, Louisville, KY, Trustee.

### MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

This Adversary Proceeding was brought by the Debtors, Joe and Elizabeth Ann Thacker ("Debtors" or "Thackers"), for the purpose of setting aside a mortgage they consensually placed on their property to secure a debt owed to Defendant, United Companies Lending Corporation ("Defendant/Creditor"). The Thackers, who filed their bankruptcy action under Chapter 13, assert their cause of action under the strong-arm powers granted to trustees by 11 U.S.C. § 544(a). In support of their cause of action, the Thackers cite two defects in the Mortgage.

The matter is presently before the Court on the Defendant/Creditor's Motion to Dis-

miss this action and the Thackers' Cross–Motion for Summary Judgment. The Court has reviewed the briefs filed by both parties, together with the relevant statutes and the case law, and finds that the undisputed facts establish the Mortgage at issue was sufficient to place any bona fide purchaser on inquiry notice of the Defendant/Creditor's security interest. Accordingly, the Thackers are not entitled to have the Mortgage set aside, and the Defendant/Creditor is entitled to Judgment as a matter of law. The Defendant/Creditor's Motion to Dismiss will be sustained by separate Order, and the Thackers' Motion for Summary Judgment will be overruled.

## FACTS

In 1995, the Thackers borrowed $41,000.00 from the Defendant/Creditor. To secure that loan, the Thackers granted the Defendant/Creditor a Mortgage on their real property, located in Christian County, Kentucky. The Thackers signed the Mortgage in the presence of a Notary Public on December 29, 1995. The Mortgage was thereafter recorded in the Christian County Clerk's office in Mortgage Book 565, Page 582.

On February 11, 1998, the Thackers filed for bankruptcy under Chapter 13 of the Bankruptcy Code. On April 24, 1998, they initiated this Adversary Proceeding, seeking to avail themselves of the strong-arm powers given to a bankruptcy trustee under 11 U.S.C. § 544(a). They ask that the Mortgage be set aside as void, alleging that it is defective in two respects.

First, the Thackers point out that the Mortgage failed to contain a description of the encumbered real property within the body of the Mortgage. The description of the property was, instead, included on an untitled page physically attached to the Mortgage. It is not uncommon for property descriptions to be attached to mortgages and incorporated by reference, however, in this case, the space on the printed form Mortgage where the property description should have been inserted was left completely blank. It

did not include the description, nor did it include any language incorporating the property description by reference. The description itself was attached to the Mortgage on an untitled page. It did not reference any particular paragraph or clause of the Mortgage, or state that it was intended to be included in the body thereof.

Based on these facts, the Thackers assert the Mortgage fails to comply with the requirements of Kentucky's "Conveyances and Encumbrances" Statute, K.R.S. Chapter 382; Kentucky's Statute of Frauds, K.R.S. Chapter 371.010; and Kentucky common law,[1] all of which requires Mortgages to contain a written description of the encumbered property. The Thackers additionally assert that the attachment of the description behind the Mortgage caused it to be physically placed *after* the parties' signatures, thus, violating K.R.S. 446.060(1). That Statute reads, "when the law requires any writing to be signed by a party thereto, it shall not be deemed to be signed unless the signature is subscribed at the end or close of the writing."

The second defect in the Mortgage alleged by the Thackers concerns the Acknowledgment by the Notary Public. The Certificate of Acknowledgment, which immediately follows the signatures of the Thackers, states: "The foregoing instrument was acknowledged before me this 29th day of Dec. 1995 by _____." The Certificate is signed by Helen M. McGar, a Notary Public. The Certificate does not, however, state who acknowledged or signed "the foregoing instrument." Rather, the space provided is left blank. The Thackers assert that this omission constitutes a fatal defect under K.R.S. 423.130 and K.R.S. 423.160, governing the required format and information to be provided to have an effective Acknowledgment.

Despite the alleged defects, the Christian County Clerk's office recorded the Mortgage with the attached detailed property description in Mortgage Book 565, Page 582.

---

1. *See Montgomery v. Graves*, 301 Ky. 260, 191 S.W.2d 399 (Ky.1945); *Louisville Joint Stock Land Bank v. McNeely*, 267 Ky. 425, 102 S.W.2d 389 (1937); *Burton v. Lafavers*, 254 S.W.2d 730 (Ky.1952).

The Mortgage clearly referenced the loan from Defendant/Creditor to the Thackers, and acknowledged that Defendant/Creditor was granted the Mortgage to secure the loan. The Thackers do not dispute that they signed the Mortgage, that the Mortgage concerned the land at issue, that they received the consideration set forth in the Mortgage, or that the attached property description adequately describes the encumbered property. Rather, they bring this action in the role of a third-party bona fide purchaser, via the § 544(a) strong-arm powers granted to bankruptcy trustees.

## CONCLUSIONS OF LAW

### A. § 544(a)(3) STRONG–ARM POWERS.

■ At the outset, the Court is asked to determine whether a Chapter 13 debtor has standing to utilize the avoiding powers granted to a bankruptcy trustee by the § 544(a)(3) strong-arm clause of the Bankruptcy Code. Section 544(a)(3) grants a trustee "the rights and powers of a bona fide purchaser of real property from the debtor if, at the time the bankruptcy is commenced, a hypothetical buyer could have obtained bona fide purchaser status." *In re Michigan Lithographing Co.,* 997 F.2d 1158 (6th Cir.1993); *See also In re Tillery,* 124 B.R. 127 (Bankr.M.D.Fla. 1991). If the Thackers are determined to have standing to assert the strong-arm avoiding powers under that section, the Court must then address the issue of whether the Mortgage was fatally defective such that a bona fide purchaser could have avoided it.

The law is divided on the issue of whether Chapter 13 debtors may avail themselves of the § 544(a) strong-arm powers. A number of courts have held that a Chapter 13 debtor has standing to assert the avoiding power granted by § 544. *In re Tillery,* 124 B.R. 127 (Bankr.M.D.Fla.1991); *In re Boyette,* 33 B.R. 10 (Bankr.N.D.Tex.1983); *In re Einoder,* 55 B.R. 319 (Bankr.N.D.Ill.1985); *In re Ottaviano,* 68 B.R. 238 (Bankr.D.Conn.1986); *In re Colandrea,* 17 B.R. 568 (Bankr.D.Md. 1982). This Court joined with this line of cases in 1987. *In re Weaver,* 69 B.R. 554 (Bankr.W.D.Ky.1987).

There is a contrary line of cases, however, reaching the opposite holding; i.e., that Chapter 13 debtors may not avail themselves of the trustee's § 544(a) strong-arm avoidance powers. *In re Carter,* 2 B.R. 321 (Bankr.D.Colo.1980); *In re Walls,* 17 B.R. 701 (Bankr.S.D.W.Va.1982); *In re Driscoll,* 57 B.R. 322 (Bankr.W.D.Wis.1986); *In re Mast,* 79 B.R. 981 (Bankr.W.D.Mich.1987); *In re Bruce,* 96 B.R. 717 (Bankr.W.D.Tex. 1989). The Court continues to be unpersuaded by this line of cases. The Thackers are determined to have standing to assert the § 544(a) strong-arm avoidance powers granted to trustees.

It is clear, however, that they cannot avoid the Mortgage in this case, as an equitable mortgage was created in favor of the Defendant/Creditor of which any purchaser would have had inquiry notice. *See State Street Bank and Trust Company v. Heck's, Inc.,* 963 S.W.2d 626 (Ky.1998).

### B. AN EQUITABLE MORTGAGE WAS CREATED IN FAVOR OF THE DEFENDANT/CREDITOR.

■ The attempted Mortgage, accompanied by the transfer to the Thackers of the consideration referenced therein, created an equitable mortgage in favor of the Defendant/Creditors. *See Schram v. Burt,* 111 F.2d 557, 561–62 (6th Cir.1940); *State Street Bank,* 963 S.W.2d at 629 and 631 ("the attempted July 1, 1978 Mortgage accompanied by the transfer of the stated consideration to [the debtor], created an equitable mortgage against the property in favor of the [creditor]. . ."); *Tile House, Inc. v. The Cumberland Fed. Sav. Bank,* 942 S.W.2d 904, 905–07 (Ky.1997). The Sixth Circuit and the Supreme Court of Kentucky have expressly recognized the doctrine of equitable mortgages. *Schram,* 111 F.2d at 561–62; *State Street Bank,* 963 S.W.2d at 629 and 631; *Tile House,* 942 S.W.2d at 905–07. The rule has been firmly established by these Courts, as follows:

> Where one party advances money to another upon the faith of a verbal agreement by the latter to secure its payment by a mortgage upon certain lands and improvements, which is not executed, or which, if executed, is so defective or informal as to

fall short of being a duly executed mortgage, equity will impress upon such land and improvements a lien in favor of the creditor who advances the money for the security in satisfaction of his debt.

*Schram,* 111 F.2d at 561; *Accord State Street Bank,* 963 S.W.2d at 630–31; *Tile House,* 942 S.W.2d at 905–07. The doctrine of equitable mortgages is founded upon basic principles of equity which regard "that as done which was agreed to be done and should have been done..." *Schram,* 111 F.2d at 562. Where the circumstances warrant the finding of an equitable mortgage, the Court is directed to "treat the subject matter as to collateral consequences and incidences as if the acts contemplated by the parties had been done at the beginning of the transaction, always regarding the substance and not the form." *Id.; See also State Street Bank,* 963 S.W.2d at 629 and 631; *Tile House,* 942 S.W.2d at 904. Thus, the equitable lien is deemed to attach at the time of "the advancement of the money and continues to exist for the duration of the debt." *State Street Bank,* 963 S.W.2d at 631; *Schram,* 111 F.2d at 561. The Court does not create the lien. *State Street Bank,* 963 S.W.2d at 631. Rather, it recognizes the lien and enforces it. *Id.* "If the lien is found to exist, it existed ab initio." *Id.; See also Schram,* 111 F.2d at 561. Accordingly, there is no "relation back" issue. *State Street Bank,* 963 S.W.2d at 631.

Upon reviewing the law in this jurisdiction governing the doctrine of equitable mortgages, it is clear that such a mortgage was created in this case. It is undisputed that the Thackers borrowed $41,000.00 from the Defendant/Creditor upon the agreement that a Mortgage would be executed on their property in favor of the Defendant/Creditor. The Mortgage clearly references the loan and the fact that the Defendant/Creditor was granted the Mortgage to secure that Loan. The Thackers do not dispute that they signed the Mortgage, that they received the loan money, that the Mortgage concerned the land at issue, or that the attached property description adequately describes the property. Based on these facts, the Court finds that an equitable mortgage was created in favor of the Defendant/Creditor. That Mortgage arose upon the advancement of the loan money to the Thackers.

Having found that an equitable mortgage was created, the issue then becomes whether a subsequent purchaser would have had knowledge of such a mortgage. This Court finds that any such purchaser would have had inquiry notice of the Defendant/Creditor's interest.

### C. *ANY SUBSEQUENT PURCHASER WOULD HAVE INQUIRY NOTICE OF THE MORTGAGE; THUS, IT IS NOT SUBJECT TO BEING AVOIDED UNDER § 544(a)(3).*

As discussed above, § 544(a)(3) grants a trustee in bankruptcy "the rights and powers of a bona fide purchaser of real property from the debtor if, at the time the bankruptcy is commenced, a hypothetical buyer could have obtained bona fide purchaser status." *Michigan Lithographing,* 997 F.2d at 1159. Section 544(a)(3) thus entitles a trustee to avail himself or herself of "bona-fide purchaser" status in order to set aside a defective mortgage. To do this, however, the initial requisite hurdle that must be passed is whether a hypothetical purchaser of the property can achieve "bona fide purchaser" status. *Id.;* § 544(a).

The issue of who may achieve bona fide purchaser status is governed by state law. *Id.* In Kentucky, the issue is governed by K.R.S. 382.270 and the case law construing that Statute. *See State Street Bank,* 963 S.W.2d at 630; *Cornett's Ex'r v. Rice,* 299 Ky. 256, 187 S.W.2d 454 (Ky.1945); *Cox v. Guaranty Bank and Trust Co.,* 199 Ky. 115, 250 S.W. 804 (Ky.1923). K.R.S. 382.270 provides in pertinent part:

No deed or deed of trust or mortgage conveying a legal or equitable title to real property shall be valid against a purchaser for a valuable consideration, *without notice thereof,* ... until such deed or mortgage is acknowledged or proved according to law and lodged for record. (Emphasis added).

In construing this Statute, the Supreme Court of Kentucky has given expansive construction to the phrase "without notice thereof." *State Street Bank,* 963 S.W.2d at 630; *Cox,* 250 S.W. at 805; *Flowers v. Moorman*

*& Hill,* 86 S.W. 545, 27 Ky. Law Rep. 728 (1905). A purchaser or creditor is deemed to have "constructive notice" when "a valid interest in real property is properly recorded in the office of a county court clerk." *State Street Bank,* 963 S.W.2d at 629 (citing *Wides v. Wides' Ex'r,* 299 Ky. 103, 184 S.W.2d 579, 584 (1944)). However, the Kentucky Supreme Court in construing K.R.S. 382.270 has not limited the phrase "without notice thereof" to constructive notice. *Id.; Cornett's Ex'r,* 299 Ky. at 266–67, 187 S.W.2d at 459; *Cox,* 250 S.W. at 805. Rather, the clause has been interpreted to include "without actual knowledge of the existence of a mortgage, either unrecorded or improperly recorded, or knowledge of such facts as would lead a reasonably prudent person under like circumstances to inquire into the matter and discover the existence of the mortgage." *State Street Bank,* 963 S.W.2d at 629; *Cornett's Ex'r,* 299 Ky. at 266–67, 187 S.W.2d at 459; *Cox,* 250 S.W. at 805 (*citing Flowers,* 86 S.W. at 545; *Emery v. Vaughan,* 36 S.W. 9, 18 Ky. Law Rep. 281 (1896); *Hunt v. Clark's Adm'r,* 6 Dana (Ky.) 56; 27 Cyc. p. 1186; *Willis v. Vallette,* 4 Metc. (Ky.) 186; 27 Cyc. p. 1191; *Holmes v. Stix,* 104 Law Rep. 593 (1898)).

▮ This principle charges one "with knowledge of every fact that could have been ascertained by inquiry concerning a matter about which he possesses actual knowledge, although such ascertained facts are unknown to him, but could be discovered by ordinary diligence." *Cornett's,* 299 Ky. at 266, 187 S.W.2d at 459; *See also In re Taylor,* 18 B.R. 128, 129 (Bankr.W.D.Ky.1982); *In re Professional Inv. Properties,* 955 F.2d 623, 627 (9th Cir.1992); *Miebach v. Colasurdo,* 102 Wash.2d 170, 175–76, 685 P.2d 1074, 1078 (1984).

This Court finds the *State Street Bank* case particularly enlightening with regard to the facts and specific issues raised in this case. 963 S.W.2d at 626. That case involved a shopping center. One of the lessees mortgaged its leasehold interest. While the parties signed the three schedules attached to the mortgage, they failed to sign the mortgage, itself, a defect which the court found was sufficient to invalidate the mortgage.

Nevertheless, the mortgage with the attached schedules were filed and recorded in the appropriate county clerk's office. Thereafter, the lessors/fee holders twice mortgaged all of the shopping center property, including the leasehold interest already mortgaged by the one lessee. Both mortgages were granted to the same creditor, the first referencing the lessee's mortgage and the second one not. The lessee ultimately defaulted on its loan, and the mortgagee began foreclosure proceedings with regard to the leasehold interest.

In response, the landlord and the mortgagee of the landlord's interest asserted that the lessee's mortgage of the leasehold interest was invalid, because the mortgage was not signed in compliance with K.R.S. 446.060(1). Despite the technical defect, the court found that the attempted mortgage accompanied by the transfer of the stated consideration to the lessees created an equitable mortgage against the property. *Id.* at 629. The court further held that the invalid mortgage was sufficient to provide inquiry notice of the equitable mortgage of the leasehold interest. *Id.* at 630–31.

▮ Likewise in this case, the Mortgage, while arguably defective, was clearly sufficient to place a reasonably prudent person on inquiry notice of the equitable Mortgage. As stated above, the Mortgage referenced the loan from the Defendant/Creditor to the Thackers, and the fact that the Thackers were thereby granting a Mortgage to the Defendant/Creditor to secure the loan. The property description, while not included in the body of the Mortgage, itself, was attached thereto and was clearly sufficient to put any reasonably prudent creditor or purchaser on notice of the Defendant/Creditor's interest. The same is true with regard to the Acknowledgment. While the Thackers have argued that it was not in the correct form as required by Kentucky Statute, the Mortgage was signed by the Thackers and was signed and dated by the Notary. Any defect in the Acknowledgment was substantial and the document did not meet the recording criteria. Nevertheless, the County

Clerk accepted and recorded the Mortgage, and any purchaser would have unequivocally been placed on notice of the Defendant/Creditor's interest.

Under the law in Kentucky, a purchaser with constructive, actual or inquiry notice cannot attain the status of a bona fide purchaser. Accordingly, where the circumstances are such as to place a purchaser on inquiry notice of a mortgage, the § 544(a)(3) strong-arm avoidance power cannot be utilized, as it is simply not possible for a trustee (or the Thackers) to attain the status of a hypothetical bona fide purchaser. *See Professional Inv. Properties*, 955 F.2d at 623 (Court found facts sufficient to give rise to inquiry notice and, thus, precluded trustee's utilization of the § 544(a)(3) strong-arm powers as a "hypothetical bona fide purchaser.")

### *CONCLUSION*

For the reasons set forth above, the Court finds that there are no material facts in dispute and that the Defendant/Creditor is entitled by law to have a judgment entered in its favor. The undisputed facts establish that the Mortgage at issue was filed of record in the appropriate county clerk's office and was sufficient to place any bona fide purchaser on inquiry notice of the Defendant/Creditor's security interest. Therefore, the Mortgage cannot be avoided pursuant to § 544(a)(3). Accordingly, the Defendant/Creditor's Motion to Dismiss will, by separate Order, be sustained, and the Thackers' Motion for Summary Judgment will be overruled.