CASE 19—PETITION EQUITY—JANUARY 17.

## Wallace, &c., v. Marquett.

APPEAL FROM PENDLETON CIRCUIT COURT.

LIS PENDENS—ADVERSE POSSESSION. — A purchaser *pendente lite* is bound by the judgment rendered against the person from whom he purchased, but a party may, by an unreasonable delay in the prosecution of his suit, lose the benefit of his *lis pendens*, and deprive himself of any remedy against *bona fide* purchasers.

W. instituted a suit against M. in 1858, for the recovery of land. S. had then been in the adverse possession of the land for thirteen years. After S. had been in possession for more than fifteen years, he sold to M., who, in 1874, sold to appellee, who had no notice of W.'s action, and was never made a party. In 1881, twenty-three years after the institution of the action by W., judgment was rendered in his favor against M. for the recovery of the land. In this action by appellee to enjoin the execution of a writ of possession,

issued upon that judgment. *Held*—That appellee is not bound by the judgment against M. He is not to be regarded as a *pendente lite* purchaser, but his rights are to be determined as if no action had ever been instituted by W.; and as he and those under whom he claims had been in the adverse possession of the land for thirty-six years when the writ of possession issued, he is entitled to the relief sought.

J. W. MENZIES AND L. T. APPLEGATE FOR APPELLANTS.

To defeat the application of the doctrine of *lis pendens,* the *lis pendens* purchaser must allege and prove an unreasonable delay in the prosecution of the action.

O'HARA & BRYAN FOR APPELLEE.

The doctrine of *lis pendens* does not apply to a purchaser from one who is not a party to the action, and does not apply when there is unreasonable delay in the prosecution of the action.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In this case the appellants filed a demurrer to the petition of the appellee, and moved to dissolve the injunction. The demurrer was overruled and the injunction made perpetual, of which the appellants complain. The facts alleged in the petition are in substance these: In the year 1858, an action was instituted in the Pendleton Circuit Court, by Samuel Wallace and others, against Lewis Myers and others, for the recovery of a large tract of land. In August, 1881, a judgment was rendered against Myers and others for the land and a writ of possession awarded. The appellee, Charles Marquett, in the year 1874, and while this action against Myers was pending, purchased the land in controversy of Myers, it being a part of the land that Myers had lost by the recovery.

The writ of possession having been placed in the hands of the sheriff, and Marquett being about to be turned out of possession, filed the present action in

equity enjoining the execution of the writ, in so far as it disturbed his possession, relying on the following state of facts.

He alleges that two men by the name of Summers and Kidwell were in the adverse possession of this land long before the action was instituted by Wallace against Myers, claiming the land against Wallace and all others, it being defined by a marked boundary, and continued in the [adverse possession for more than fifteen years, and for so long a period as vested them with a perfect title. That not only holding, but being in the actual adverse possession of this land for so long a period, [Summers, having acquired Kidwell's title, sold the land to Lewis Myers, the defendant in the suit by Wallace, and Myers, in the year 1874, sold and conveyed the land to the appellee who has been in possession since that time. So the vendors of Myers had, as is alleged, acquired title by an actual adverse possession of more than fifteen years before the sale to Myers, and had entered on the land in the year 1845, thirteen years before the appellants, Wallace and others, instituted their action, which was in 1858. So there was a continuous possession of the land by Summers, Myers and the appellee from the year 1845 until this writ of possession issued in the year 1881, a period of thirty-six years. It is argued that the appellee can not hold by reason of this adverse possession in Summers and Myers, because he claims under Myers by the conveyance of 1874, and as Myers lost the land in the Wallace suit, the appellee, being a purchaser *lis pendens*, is in no better condition than Myers. It is distinctly alleged that neither Summers,

Kidwell or the appellee were parties to the action brought by Wallace, and that they, nor either of them, had notice of the bringing or the pendency of that action.

Why Myers purchased the interest of Summers does not appear. He may have attempted to take shelter under their title to defeat a recovery by Wallace, but whether so or not, if the purchase from Myers by the appellee makes the latter a *lis pendens* purchaser, then the demurrer should have been overruled. It must be conceded, that if no action had been brought by Wallace against Myers that the adverse possession for over fifteen years; or over thirty years in his case, would have vested the appellee with a perfect title. The mere fact that he acquired title from Myers does not make the verdict and judgment against Myers conclusive as to the appellee, for if no party to the action he is not bound by it unless he was a *lis pendens* purchaser. If not a *lis pendens* purchaser it is immaterial when he purchased; if before the judgment, the judgment against Myers can not affect him. The question then is, was he such a purchaser? The fact of his acquiring title from Myers does not preclude him from raising this question, for in such cases, the question as to a *lis pendens* often arises. It is well settled that a purchase *pendente lite* is bound by the judgment rendered against the person from whom he purchased, and the chancellor will not permit his possession to interfere with his enforcing the judgment.

A party by laches may, however, lose his *lis pendens*, and the purchaser from the party whose title is.

defeated, and against whom a recovery is had, will be treated as a stranger to the proceedings. Where there is an unreasonable delay in the prosecution of the action, it is such negligence as will deprive the party of every remedy against *bona fide* purchasers. "To entitle him to enforce it against *bona fide* purchasers, he has been held to reasonable diligence in the prosecution of his suit, and should be guilty of no palpable slips or gross irregularities in the management of the same, by which injury may accrue to the rights of others who are not parties." (Clarkson v. Morgan's devisees, 6 B. M. 449; Watson v. Wilson, 2 Dana, 406; Erhman v. Kendrick, 1 Met., 146.)

So here was an action pending for twenty-three years, with parties in possession during the entire period, claiming to hold the land as their own, and the appellee purchasing from the defendant in the action, who was in possession and who had derived title from those whose possession, before he purchased, had ripened into a perfect title.

He had no notice of the pendency of the action, and under such circumstances, it would be a harsh rule of law or equity that would treat him as a purchaser with notice or a purchaser *pendente lite*. On the contrary, he should be held to be a *bona fide* purchaser, and his rights considered and determined as if no action had ever been instituted by the appellants for the recovery of the land in controversy. For the reasons indicated, the judgment below is affirmed.