## County of Jefferson v. McGrath's Executor, et al.

(Decided November 11, 1924.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

Equity—Though County Not Estopped, it Cannot Recover Overpayment from Purchaser of Warrant, Paying Full Value when Payee Insolvent.—Where county made mistake and gave contractor warrant for more than was due him, and he sold it for its face to another, and county paid warrant, and contractor became insolvent, it will be denied recovery from purchaser, under rule that one seeking equitable relief must do equity and show superior equity, though it may not be estopped, and is not responsible for laches and negligence of officers.

J. MATT CHILTON for appellant.

FRED FORCHT and BEN F. WASHER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

The reader is referred to the opinion in the case of Robertson v. Jefferson County, this day decided, in which the facts involved herein are set out. However, in addition to the legal questions there considered, McGrath pleaded that upon the representations of the county that the warrant was a valid obligation, he purchased same at its face value, and received payment thereon without any notice of a defect therein; that at the time he purchased and collected the warrant, Robertson was solvent and financially able to reimburse him for any loss he might sustain to the extent of $1,350.00 or more, and remained in such financial condition until the fall of 1917, but that since the latter date and at present he is utterly insolvent; that all of the records of the transaction were in possession of the county; that a mistake, if any, should have been discovered earlier; that if the county had exercised the slightest diligence, he, McGrath, could have recouped any loss he sustained from Robertson, and this remedy has been lost by the laches of the county, and these facts are relied upon as an estoppel. This is controverted by a reply in which it is also alleged that the mistake was not discovered until 1918.

In the Robertson case, *supra,* we decided that a mistake existed for which Robertson was primarily liable, but that the action as to him was barred by the statute of limitations.

As to the affirmative pleas made by McGrath, it may be said that no sufficient reason is shown for the long delay in discovering the mistake. The county was in possession of all the records. The final estimates purported to give the amounts which had previously been allowed to Robertson; the aggregate of all these allowances was fixed at $1,350.00 less than appeared in the preceding estimates and orders of court. A simple addition would have disclosed this; it was open and obvious and Robertson concealed nothing, so it appears the mistake should have been discovered without delay. Green County v. Howard, 127 Ky. 379.

It further appears that the facts as to Robertson's solvency and insolvency were as claimed by McGrath, and, as between individuals an estoppel might exist, or at any rate the court might apply the familiar rule that

when one of two innocent persons must suffer, the loss should be borne by the one whose negligence caused the injury. But a county is an arm of the state, and has been held not to be responsible for the laches or negligence of its officers. Clay County Board of Education v. Lewis, 187 Ky. 231; Commonwealth v. Tate, 89 Ky. 587; Fidelity & Deposit Co. of Maryland v. Commonwealth, 104 Ky. 579.

Eliminating the question of estoppel and assuming, though not deciding, that the rule, *supra,* is a form of estoppel and therefore inapplicable, the judgment in favor of McGrath may be upheld without going to that extent.

The principle upon which this action is based must be distinguished from that applying to a defense in an action brought by McGrath upon the warrant. In a suit upon the warrant, he would assert his legal rights and any defense that could have been made to an action by Robertson would be available against him. But after payment of the warrant the status of the parties changed and the county's remedy was based on a different principle, to-wit: "That the money was paid under a mutual mistake upon an obligation, which in law, honor or conscience was not due and payable and which in honor or good conscience ought not to be retained by the payee." Supreme Council C. K. of A. v. Fenwick, 169 Ky. 269, and cases there cited.

This is an equitable action. While an estoppel may not lie against the county, yet when the county invokes equitable relief, it must conform to the lines of equitable procedure and come prepared to do equity and to show a superior equity in itself. Considering this, McGrath is not inhibited from retaining the payment by honor or good conscience, nor was it inequitable for him to do so. He was not enriched at the expense of the county, or at all; he was not receiving something for nothing, but, on the contrary, he acted in the most perfect good faith, purchasing what appeared to be a valid obligation, and in good faith receiving from the county only what he paid therefor. He was in a situation to recoup any loss that he might sustain. Now the situation is changed, but not through his fault. Leaving out of sight all questions of estoppel, but bearing in mind that the reward is to the diligent, and that by diligence upon the part of the county there would have been no loss to either, can the

court award to it the superior equity, and say under the circumstances that McGrath may not in equity, honor and good conscience retain the money paid him? We think not.

In this view of the case it is not deemed necessary to consider the statute of limitations as applied to the McGrath transactions.

Perceiving no error the judgment is affirmed.