### In re Thomas Edward WEAVER and Mary Alice Weaver, Debtors.

**Bankruptcy Nos. 58600089, 58500296.**

United States Bankruptcy Court, W.D. Kentucky.

Jan. 28, 1987.

David E. Arvin, Hopkinsville, Ky., for debtors.

James A. Earhart, Louisville, Ky., for creditor.

William Lawrence, Louisville, Ky., Trustee.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The questions of whether a security interest in a mobile home is perfected so as to support a secured proof of claim and whether such interest is enforceable against a debtor-in-possession are at issue in this Chapter 13 proceeding. The answers to both questions are no for the reasons set out below. We will first outline the facts, which are not in dispute.

Several years before the debtors filed their petitions in bankruptcy, they executed a security agreement and Retail Installment Contract to purchase a new mobile home. The note and security agreement were assigned to Colwell Mortgage Corporation shortly thereafter. The record shows that Colwell's assignor filed a financing statement in the County Clerk's office of Christian County, Kentucky on July 2, 1976. No maturity date appears on the financing statement. A continuation statement was filed by the creditor on July 28, 1981 as an attempt to continue its perfection. After filing in bankruptcy, the debtors objected to the secured proof of claim filed by Colwell on the grounds that its security interest is not perfected and that the creditor's claim is therefore unsecured.

Bankruptcy Rule 3001 requires that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Consequently, we must first determine the method necessary to perfect a security interest in a mobile home. According to Kentucky Revised Statute 355.9–302(1)(d), "[a] financing statement must be filed to perfect all security interests except ... a purchase money security interest in consumer goods, but filing is required for a fixture under K.R.S. 355.9–313...."

The creditor argues that a mobile home falls within the statutory classification of consumer goods, which KRS 355.9–109 defines as goods used primarily for personal, family or household purposes. In addition, the creditor asserts that it possesses a purchase money security interest in the mobile home and enjoys automatic perfection under 355.9–302(1)(d). Predictably, the debtors object to such a classification, contending instead that the mobile home is a fixture. We agree.

The Weavers state that the mobile home is situated on a permanent foundation on real property which they own. Although no Kentucky case law specifically defines such a structure as a fixture, the state legislature has provided that "[i]f the wheels or mobile parts have been removed from a mobile home or recreational vehicle and the unit rests on a permanent, fixed foundation, it shall be classified as real estate." K.R.S. 132.750.

According to the debtors, the mobile home is one of unusual size, measuring twenty-four feet wide and sixty-four feet long. It is permanently affixed to real property owned by the debtors and is assessed as real estate by the Property Valuation Administrator of Christian County. Under similar circumstances, one court reached the conclusion that mobile homes are bought for use as a "place in which to exercise household purposes and to conclude that the legislature intended that a 60 x 12 foot home be encompassed in the definition of consumer goods, [K.R.S. 355.-9–109(1)] is an undue enlargement of this legislative definition." *In re Sprague*, 4 U.C.C.R.S. 702, 705 (N.D.N.Y.1966). Likewise, this court cannot characterize the mobile home in question as a consumer good.

Because we find that the creditor does not hold a purchase money security interest in consumer goods, it does not inure to the benefits of automatic perfection of its security interest. Instead, we determine that the mobile home is a fixture and there-

fore subject to the requisite filing procedures necessary to perfect such an interest.

K.R.S. 355.9–401(1)(b) governs the proper place to make a fixture filing and pertinently provides as follows: "[W]hen the collateral is goods which at the time the security interest attaches are or are to become fixtures, the [filing is] in the office where a mortgage on the real estate concerned would be filed or recorded." While exhibits filed with Colwell's proof of claim show that a financing statement was filed on July 2, 1976 with the Christian County Clerk's office, nothing in the record indicates that a fixture filing was made to perfect the security interest. Because the record shows that Colwell improperly filed to perfect its interest under 355.9–401, we hold that it possesses an unperfected security interest in the debtors' mobile home. We need not determine the validity of the continuation statement filed by Colwell as an attempt to continue perfection since the creditor never properly perfected its interest.

■ The creditor further argues that its interest need not have been perfected against the debtor-in-possession in order to file a valid secured proof of claim. Colwell cites to the Advisory Committee Note to Rule of Bankruptcy Procedures 3001 which states: "Subdivision (d) together with the requirement in the first sentence of subdivision (c) for the filing of any written security agreement, is designated to facilitate the determination of whether the claim is secured and properly perfected so as to be valid against the trustee." However, we agree with the majority of courts which have extended the Chapter 13 trustee's full avoiding powers under 11 U.S.C. § 544(a) to the debtor-in-possession.

The Bankruptcy Code in Section 103(a) provides with few exceptions that the provisions of Chapters 1, 3 and 5 apply in cases filed under Chapters 7, 11 or 13. Other courts have held that the Chapter 13 debtor has standing to employ the Sec. 544 avoiding powers to defeat an unperfected security interest. *In the Matter of Hall,* 26 B.R. 10 (Bkrtcy.N.D.Fla.1982); *In re Boyette,* 33 B.R. 10 (Bkrtcy.N.D.Tex.1983);

*In re Matter of Einoder,* 55 B.R. 319 (Bkrtcy N.D.Ill.1985). These decisions point to the legislative history of Section 1303 which states in part: "Section 1303 of the House Amendment specifies rights and powers that the debtor has exclusive of the trustee. *The section does not imply that the debtor does not also possess other powers concurrently with the trustee.* (emphasis added) *Hall, supra., quoting* 124 Cong.Rec.H. 11,106 (Sept. 28, 1978); S. 17,-423 (Oct. 6, 1978). This court is satisfied that the Chapter 13 debtor-in-possession is vested with the strong-arm powers under § 544(a) so as to defeat the creditor's unperfected security interest.

Because Colwell's security interest in the debtors' mobile home is unperfected and ineffective against the debtor-in-possession's avoidance powers under Sec. 544(a), we sustain the debtor's objection to the creditor's secured proof of claim and find this creditor unsecured.