**Joe THACKER and Elizabeth Thacker, Appellants/Debtors,**

v.

**UNITED COMPANIES LENDING CORPORATION, Appellees.**

**No. CIV.A. 5:99CV–43–R.**

United States District Court, W.D. Kentucky, Paducah Division.

Nov. 28, 2000.

David E. Arvin, Hopkinsville, KY, for Joe Thacker and Elizabeth Ann Thacker.

Bethany A. Breetz, Stites & Harbison, Louisville, KY, for United Companies Lending Corporation.

## MEMORANDUM OPINION AND ORDER

RUSSELL, District Judge.

This matter is before the Court on appeal from the Order and Opinion of the Honorable J. Wendell Roberts, Bankruptcy Judge for the United States Bankruptcy Court for the Western District of Kentucky, entered in this adversary proceeding on November 30, 1998 (found at *In re Thacker*, 229 B.R. 139 (Bankr. W.D.Ky.1998)), granting Appellee's motion to dismiss the action. This Court **REVERSES** the judgment of the lower court.

## BACKGROUND

Bankruptcy Judge Roberts provided the following facts in his Memorandum Opinion:

In 1995, the Thackers borrowed $41,000.00 from the Defendant/Creditor. To secure that loan, the Thackers granted the Defendant/Creditor a Mortgage on their real property, located in Christian County, Kentucky. The Thackers signed the Mortgage in the presence of a Notary Public on December 29, 1995. The Mortgage was thereafter recorded in the Christian County Clerk's Office in Mortgage Book 565, Page 582.

On February 11, 1998, the Thackers filed for bankruptcy under Chapter 13 of the Bankruptcy Code. On April 24, 1998, they initiated this Adversary Proceeding, seeking to avail themselves of the strong-arm powers given to a bankruptcy trustee under 11 U.S.C. § 544(a). They ask that the Mortgage be set aside as void, alleging that it is defective in two respects.

First, the Thackers point out that the Mortgage failed to contain a description of the encumbered real property within the body of the Mortgage. The description of the property was, instead, included on an untitled page physically attached to the Mortgage. It is not uncommon for property descriptions to be attached to mortgages and incorporated by reference, however, in this case, the space on the printed form Mortgage where the property description should

have been inserted was left completely blank. It did not include the description, nor did it include any language incorporating the property description by reference. The description itself was attached to the Mortgage on an untitled page. It did not reference any particular paragraph or clause of the Mortgage, or state that it was intended to be included in the body thereof.

Based on these facts, the Thackers assert the Mortgage fails to comply with the requirements of Kentucky's "Conveyances and Encumbrances" Statute, K.R.S. Chapter 382; Kentucky's Statute of Frauds, K.R.S. Chapter 371.010; and Kentucky common law [*See Montgomery v. Graves*, 301 Ky. 260, 191 S.W.2d 399 (1945); *Louisville Joint Stock Land Bank v. McNeely*, 267 Ky. 425, 102 S.W.2d 389 (1937); *Burton v. Lafavers*, 254 S.W.2d 730 (Ky.1952)] all of which requires Mortgages to contain a written description of the encumbered property. The Thackers additionally assert that the attachment of the description behind the Mortgage caused it to be physically placed *after* the parties' signatures, thus, violating K.R.S. 446.060(1). That statute reads, "when the law requires any writing to be signed by a party thereto, it shall not be deemed to be signed unless the signature is subscribed at the end of the close of the writing."

The second defect in the Mortgage alleged by the Thackers concerns the Acknowledgment by the Notary Public. The Certificate of Acknowledgment, which immediately follows the signatures of the Thackers, states: "The foregoing instrument was acknowledged before me this 29th day of Dec. 1995 by _____." The Certificate is signed by Helen M. McGear, a Notary Public. The Certificate does not, however, state who acknowledged or signed "the foregoing instrument." Rather, the space provided is left blank. The Thackers assert that this omission constitutes a fatal defect under K.R.S. 423.130 and K.R.S. 423.160, governing the required format and information to be provided to have an effective Acknowledgment.

Despite the alleged defects, the Christian County Clerk's office recorded the Mortgage with the attached detailed property description in Mortgage Book 565, Page 582.

The Mortgage clearly referenced the loan from Defendant/Creditor to the Thackers, and acknowledged that Defendant/Creditor was granted the Mortgage to secure the loan. The Thackers do not dispute that they signed the Mortgage, that the Mortgage concerned the land at issue, that they received the consideration set forth in the Mortgage, or that the attached property description adequately describes the encumbered property. Rather, they bring this action in the role of a third-party bona fide purchaser, via the § 544(a) strong-arm powers granted to bankruptcy trustees.

## STANDARD

■■■ This Court reviews a Bankruptcy Court's factual findings under a "clearly erroneous" standard. *See In re Rexplore Drilling, Inc.*, 971 F.2d 1219, 1224 (6th Cir.1992). A finding of fact is clearly erroneous when "although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." Bankruptcy Rule 8013; *In re Fred Hawes*, 957 F.2d 239, 242 (6th Cir.1992). "This circuit has clearly enunciated that findings of fact of a bankruptcy court should not be disturbed ... unless there is 'most cogent evidence of a mistake or miscarriage of justice.'" *In re Edward M. Johnson and Assoc.*, 845 F.2d 1395, 1401 (6th Cir.1988)(quoting *Slodov v. United States*, 552 F.2d 159, 162 (6th Cir.1977)). Conclusions of law are reviewed de novo. *See In re Oakwood Markets, Inc.*, 203 F.3d 406, 409 (6th Cir. 2000).

## DISCUSSION

Appellant raises several issues on appeal. Among those is whether a defective

mortgage that should not have been recorded nevertheless provides inquiry notice to subsequent purchasers. This Court finds it does not and that the Mortgage in this case is invalid.

■ The bankruptcy court began its opinion with an analysis of the applicability of the strong-arm clause to this case. While the Appellees dispute the availability of these strong-arm powers to the Debtors, the Court disagrees and fully adopts the reasoning of the Bankruptcy Court:

At the outset, the Court is asked to determine whether a Chapter 13 debtor has standing to utilize the avoiding powers granted to a bankruptcy trustee by the § 544(a)(3) strong-arm clause of the Bankruptcy Code. Section 544(a)(3) grants a trustee "the rights and powers of a bona fide purchaser of real property from the debtor if, at the time the bankruptcy is commenced, a hypothetical buyer could have obtained bona fide purchaser status." *In re Michigan Lithographing Co.*, 997 F.2d 1158 (6th Cir. 1993); *See also In re Tillery*, 124 B.R. 127 (Bankr.M.D.Fla.1991). If the Thackers are determined to have standing to assert the strong-arm avoiding powers under that section, the Court must then address the issue of whether the Mortgage was fatally defective such that a bona fide purchaser could have avoided it.

The law is divided on the issue of whether Chapter 13 debtors may avail themselves of the § 544(a) strong-arm powers. A number of courts have held that a Chapter 13 debtor has standing to assert the avoiding power granted by § 544. *In re Tillery*, 124 B.R. 127 (Bankr.M.D.Fla.1991). *In re Boyette*, 33 B.R. 10 (Bankr.N.D.Tex.1983); *In re Einoder*, 55 B.R. 319 (Bankr.N.D.Ill.1985); *In re Ottaviano*, 68 B.R. 238 (Bankr. D.Conn.1986); *In re Colandrea*, 17 B.R. 568 (Bankr.D.Md.1982). This Court joined with this line of cases in 1987. *In re Weaver*, 69 B.R. 554 (Bankr.W.D.Ky. 1987).

There is a contrary line of cases, however, reaching the opposite holding; i.e., that Chapter 13 debtors may not avail themselves of the trustee's § 544(a) strong-arm avoidance powers. *In re Carter*, 2 B.R. 321 (Bankr.D.Colo.1980); *In re Walls*, 17 B.R. 701 (Bankr. S.D.W.Va.1982); *In re Driscoll*, 57 B.R. 322 (Bankr.W.D.Wis.1986); *In re Mast*, 79 B.R. 981 (Bankr.W.D.Mich.1987); *In re Bruce*, 96 B.R. 717 (Bankr.W.D.Tex. 1989). The Court continues to be unpersuaded by this line of cases. The Thackers are determined to have standing to assert the § 544(a) strong-arm avoidance powers granted to trustees.

11 U.S.C. § 544(a)(3) provides in relevant part:

a. The Trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

. . .

iii. A bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

This language frames the inquiry here. It matters not whether the debtors personally knew of the mortgage. Rather, the inquiry focuses on whether a bona fide purchaser would have notice. This Court agrees with the Bankruptcy Court's ruling that the mortgage here was improperly executed. This Court also adopts the position that the improper execution nevertheless created an equitable mortgage under Kentucky law. Thus, the question here is whether a bona fide purchaser would have

had notice of the recordation of the unrecordable mortgage.

■ State law defines who may achieve bona fide purchaser status. *See In re Michigan Lithographing*, 997 F.2d 1158, 1159 (6th Cir.1993). In Kentucky, K.R.S. 382.270 and the case law construing it govern this issue. *See State Street Bank*, 963 S.W.2d at 630. KRS 382.270 provides in pertinent part:

> No deed or deed of trust or mortgage conveying a legal or equitable title to real property shall be valid against a purchaser for a valuable consideration, without notice thereof, ... until such deed or mortgage is acknowledged or proved according to law and lodged for record.

■ The Kentucky Supreme Court has given an expansive construction to the phrase "without notice thereof." *State Street Bank*, 963 S.W.2d at 630. A purchaser is deemed to have "constructive notice" when "a valid interest in real property is properly recorded in the office of a county court clerk." *State Street Bank*, 963 S.W.2d at 629 (citing *Wides v. Wides' Ex'r*, 299 Ky. 103, 184 S.W.2d 579, 584 (1944)). However, the Kentucky Supreme Court has not limited the phrase "without notice thereof" to constructive notice. *See id.; Cornett's Ex'r v. Rice*, 299 Ky. 256, 187 S.W.2d 454, 459 (1945). Rather, the court has interpreted the clause to mean "without actual knowledge of the existence of a mortgage, either unrecorded or improperly recorded, or knowledge of such facts as would lead a reasonably prudent person under like circumstances to inquire into the matter and discover the existence of that mortgage." *State Street Bank*, 963 S.W.2d at 630.

The *State Street Bank* court made the above conclusion in a situation factually similar to the case at bar. In *State Street Bank*, an improperly executed mortgage had been recorded. The court found that "the recordation of an unrecordable instrument does not constitute constructive notice." *Id.* The court concluded that the inquiry did not end; other factors apart from the recording itself could provide notice. In *State Street*, the mortgage at issue was referenced in another mortgage and the subordination agreement between the parties had been duly recorded. These factors wholly separate from the recorded document gave notice. Unlike *State Street Bank*, here no additional factors exist to give notice. Accordingly, this Court finds that no constructive or inquiry notice exists to defeat a buyer's bona fide purchaser status.

This holding is consistent with the language of *State Street Bank*. It would be counterintuitive for the court in *State Street Bank* to hold that "the recordation of an unrecordable instrument does not constitute constructive notice" while at the same time holding that the recordation provides inquiry notice. *Id.* Such a distinction would be illusory. The better view would be to interpret *State Street Bank* as holding that while the recordation of an unrecordable instrument does not provide constructive notice, factors other than recording can nevertheless overcome this defect to provide inquiry notice.

Applying this rule here creates an uneasy result. Although bankruptcy law instructs this Court to treat the debtors as if they were bona fide purchasers, one cannot help but feel the resulting decision creates an injustice. All parties to the mortgage knew of the mortgage and no party disputes any material portion of it. This Court cannot, however, overlook the broader implications of the law. Bankruptcy has determined that this party should be treated as a bona fide purchaser. As such, this Court must divorce the actual knowledge that exists and the identity of the parties from the analysis. Removing these factors makes the issue clearer. Property, contract and real estate laws are undeniably archaic. The technically demanding nature of these areas places the burden of perfection on the parties creating a mortgage. When parties enter into a mortgage, they are charged with the responsibility of ensuring the integrity of the transaction and the documents involved.

When the Court is faced with giving validity to a mortgage between two parties who failed to follow the law and a subsequent party who did, the negligent parties should bear the consequences of their actions. Holding less would make a mockery of mortgage laws and jeopardize the rights they were designed to protect.

This Court does not deny that one searching the record books would find both a properly recorded and properly executed mortgage as well as a the recordation of an unrecordable instrument. This, however, should not undo the negligence of those who executed the unrecordable mortgage. Were this Court to allow the recordation of an unrecordable instrument to provide constructive or inquiry notice, the effect would be to remove the technical requirements of mortgages and leave subsequent creditors liable for the mistakes of those before them. The better view is to place the burden of perfection on the parties involved. This Court believes the Kentucky Supreme Court contemplated these same factors when reaching its conclusions in *State Street Bank*. Accordingly, this Court holds the mortgage at issue void.