**In re Terry Robbin ANDERSON, Sr., Debtor.**

No. 05–10191.

United States Bankruptcy Court, W.D. Kentucky.

April 13, 2005.

Stephanie L. McGehee–Shacklette, Bowling Green, KY, for Debtor.

## MEMORANDUM–OPINION

JOAN L. COOPER, Bankruptcy Judge.

THIS MATTER is before the Court upon the Objection (the "Objection") to Debtor's Chapter 13 Plan by Union Planters Bank, N.A. ("Union Planters"). For the reasons set forth below, the Court has entered a separate Order overruling the Objection.

Debtor granted a mortgage in favor of Union Planters' predecessor in interest, Simpson County Bank, on December 15, 1995, of record with the Simpson County, Kentucky, Clerk's Office, Book 166, Page 501 (the "Mortgage"). On November 12, 2003, Debtor and Union Planters entered into a Loan Modification Agreement with respect to the debt then secured by the Mortgage (the "Loan Modification"), of record with the Simpson County Clerk's Office, Book 247, Page 525. On February 4, 2004, Union Planters mistakenly filed a Full Release of Real Estate Mortgage (the "Mortgage Release") with the Simpson County Clerk, of record in Book 249, Page 65. The Mortgage Release expressly refers to the Mortgage but makes no reference to the Loan Modification.

Union Planters filed a foreclosure action in Simpson Circuit Court with respect to the Mortgage (the "Circuit Court Action"). The Simpson Circuit Court ultimately decided in Union Planters' favor on February 1, 2005, finding the Mortgage valid despite the Mortgage Release (the "Circuit Judgment"). Debtor filed his Chapter 13 petition on February 8, 2005. Union Planters did not file a lis pendens under KRS 382.440 or a notice of judgment lien under KRS 426.720 with respect to the Mortgage, the Circuit Court Action or the Circuit Judgment.

Section 3.I of Debtor's proposed Chapter 13 Plan states: "Union Planters Bank released its mortgage on February 4, 2004.

Pursuant to 11 USC § 544, the Debtor intends to treat Union Planters Bank as an unsecured creditor." Union Planters' objection to this provision can be distilled into two components. First, Union Planters argues that the Mortgage Release released the Mortgage but not the Loan Modification and that, therefore, Union Planters remains secured despite the Mortgage Release. Second, Union Planters argues that it remains secured because the Circuit Judgment in essence voided the Mortgage Release.

■ Based on a plain reading of the Mortgage Release and the Loan Modification, Union Planters' first argument must fail. Although the Loan Modification was not expressly released by the Mortgage Release, it contains no granting language conveying a security interest in Debtor's property. Rather, it expressly relies upon the grant of security interest contained within the Mortgage. Standing alone, the Loan Modification therefore cannot give Union Planters a security interest in Debtor's property.

Union Planters' second argument also fails. In his proposed Chapter 13 plan, Debtor relies upon the trustee's lien avoidance powers under 11 U.S.C. § 544. Although in one of his pleadings Debtor appears to argue for applicability of 11 U.S.C. § 544(a)(1) or (2), the Court believes that Debtor really is relying on the avoidance power of a hypothetical bona fide purchaser of real property given the trustee under 11 U.S.C. § 544(a)(3).

■ Chapter 13 debtors may avail themselves of the strong-arm powers granted by 11 U.S.C. § 544(a). *Thacker v. United Companies Lending Corporation,* 256 B.R. 724 (W.D.Ky.2000); *In re Weaver,* 69 B.R. 554 (Bkrtcy.W.D.Ky.1987).

■ Under 11 U.S.C. § 544(a)(3), the Chapter 13 debtor may avoid any lien that would be voidable by a hypothetical bona fide purchaser of real property without actual knowledge of the lien. State law defines who may achieve bona fide purchaser status. *Thacker v. United Companies Lending Corporation,* 256 B.R. at 729 (*citing In re Michigan Lithographing,* 997 F.2d 1158, 1159 (6th Cir.1993)). To be a bona fide purchaser as against a mortgagee under Kentucky law, one must purchase the property "for a valuable consideration, without notice thereof...." KRS 382.270; *Thacker v. United Companies Lending Corporation,* 256 B.R. at 729; *State Street Bank and Trust Company of Boston, Massachusetts v. Heck's, Inc.,* 963 S.W.2d 626, 630 (Ky.1998). "Without notice" has been interpreted to mean that the purchaser not only has no actual notice, he or she has no constructive notice and no "inquiry" notice—knowledge of such facts as would lead a reasonably prudent person under like circumstances to inquire into the matter and discover the existence of that mortgage. *See State Street Bank and Trust v. Heck's,* 963 S.W.2d at 629–30.

In this case, Debtor cannot be deemed to have constructive notice of Union Planters' mortgage. The only documents of record with regard to Union Planters' loan to Debtor are the Mortgage, Loan Modification and Mortgage Release. A hypothetical purchaser of the property in question who searched and found only those records, would conclude that Union Planters' released its mortgage against Debtors' property. The fact that Union Planters obtained the Circuit Judgment cannot serve as constructive notice to Debtor. Under Kentucky law, a creditor obtaining a judgment must file a notice of judgment lien under KRS 426.720 in order for the judgment to attach as a lien against the judgment debtor's property. The judgment in and of itself does not serve as constructive notice of the lien. Nor does pending litigation serve, by itself, as constructive notice of an action affecting title

to property. *See Louisville Asphalt Co. v. Cobb*, 310 Ky. 126, 220 S.W.2d 110 (Ky. 1949). Rather, the potential creditor must file a lis pendens under KRS 382.440 to give constructive notice of his or her claim. *Id.* at 112.

The only remaining question is whether Debtor may be charged with knowledge of facts that would lead a reasonably prudent person under like circumstances to inquire into the matter and discover that Union Planters' mortgage was found by the Simpson Circuit Court not to have been released. Under 11 U.S.C. § 544(a), of course, Debtor may not be charged with actual knowledge of any facts related to Union Planters' mortgage. Therefore, logically, the only facts to which it could be charged with knowledge would come from recorded documents that would provide constructive notice of the facts contained within them. For example, in *State Street Bank and Trust v. Heck's*, the Court found that although an improperly recorded mortgage did not give a creditor constructive notice of another creditor's interest in a property, a simultaneously recorded subordination agreement that made reference to that other creditor's improperly recorded mortgage did provide "inquiry" notice. *State Street Bank and Trust v. Heck's*, 963 S.W.2d at 630. In other words, although an improperly recorded document could not provide constructive notice of the lien it purported to create, a separately recorded instrument that made reference to that improperly recorded document could provide constructive notice of sufficient facts related to the lien to lead a reasonably prudent person to inquire further about the lien.

Here, the only recorded documents are the Mortgage, the Loan Modification and the Mortgage Release. Unlike the situation in *State Street Bank and Trust v. Heck's*, no facts are contained within such documents that would lead a reasonably

prudent person to inquire further about Union Planters' mortgage. A plain reading of all of those documents together would lead a hypothetical purchaser without knowledge of any other facts to only one conclusion: that Union Planters' mortgage was released. The hypothetical purchaser would have no reason after reading those documents to inquire further into the matter, because those documents on their face give no intimation that Union Planters mistakenly filed the Mortgage Release. Although the Mortgage Release does not expressly release the Loan Modification, it would not necessarily be expected to do so because the Loan Modification does not itself grant an interest in Debtor's property. Rather, the Loan Modification relies upon the Mortgage to provide the security interest in Debtor's property. Therefore, logically, only the Mortgage would need to be released.

The Court has entered a separate Order consistent with the foregoing. *Fed. R. Bankr.P. 9021.*

### ORDER

THIS MATTER is before the Court upon the Objection (the "Objection") to Debtor's Chapter 13 Plan by Union Planters Bank, N.A. Pursuant to the Court's Memorandum–Opinion entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED AND ADJUDGED that the Objection is OVERRULED and that the Chapter 13 Trustee shall tender to the Court the appropriate Order confirming Debtor's Chapter 13 Plan.