*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to
6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 07b0016n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re:   SAMUEL G. WILSON and LIZA F. WILSON, <br><br> Debtors. <br>_____ <br><br> BEVERLY BURDEN, Trustee, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> THE CIT GROUP/CONSUMER FINANCE INC., and SELECT PORTFOLIO SERVICING, INC., <br><br> Defendants-Appellants. <br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No. 06-8065<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky, Ashland Division.
No. 05-10032; Adv. No. 05-1014.

Argued: May 2, 2007

Decided and Filed:  November 14, 2007

Before: AUG, LATTA, and PARSONS, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** John P. Brice, WYATT, TARRANT & COMBS, Lexington, Kentucky, for Appellants.
John D. Kermode, ATKINSON, SIMMS & KERMODE, Lexington, Kentucky, for Appellee. **ON
BRIEF:** John P. Brice, WYATT, TARRANT & COMBS, Lexington, Kentucky, for Appellants.
John D. Kermode, ATKINSON, SIMMS & KERMODE, Lexington, Kentucky, for Appellee.

----

**OPINION**

----

J. VINCENT AUG., JR., Chief Bankruptcy Appellate Panel Judge.    The CIT Group/ Consumer Finance, Inc. ("CIT") and Select Portfolio Servicing, Inc. ("Select Portfolio") (collectively the "Creditors"), appeal the bankruptcy court's Memorandum Opinion and the accompanying Judgment granting summary judgment for Beverly Burden, the chapter 13 trustee (the "Trustee"), based on the court's determination that CIT's mortgage did not provide constructive notice to subsequent purchasers or creditors because it was not properly acknowledged under Kentucky law. Thus, it was subject to avoidance by the Trustee pursuant to 11 U.S.C. § 544.  For the reasons that follow, the Memorandum Opinion and Judgment are AFFIRMED.

## I.    ISSUES ON APPEAL

At issue is whether the grant of summary judgment in favor of the Trustee is reversible error. Essential to this determination is whether the mortgage at issue was sufficiently acknowledged so as to be capable of recordation, thus giving constructive notice to subsequent creditors or purchasers and defeating the Trustee's avoidance powers.

## II.    JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel ("BAP") of the Sixth Circuit has jurisdiction to decide this appeal.  By order entered September 8, 2006, the United States District Court for the Eastern District of Kentucky authorized appeals to the BAP.  A final order of the bankruptcy court may be appealed as of right.  28 U.S.C. § 158(a)(1).  For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted).  The bankruptcy court's order granting the Trustee's motion for summary judgment resulting in the avoidance of CIT's mortgage lien is a final order and states conclusions of law which are reviewed de novo, viewing all the evidence in the light most favorable to the non-moving party.  *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001); *Tinsley v. Gen. Motors Corp.*, 227 F.3d 700, 703 (6th Cir. 2000).  "De novo means that the appellate court

determines the law independently of the trial court's determination." *In re Periandri*, 266 B.R. at 653.

"There are no factual disputes.  Hence, summary judgment is appropriate for one of the parties." *Rogan v. Am.'s Wholesale Lender d/b/a Countrywide Home Loans, Inc. (In re Vance)*, 99 F. App'x 25, 27 (6th Cir. 2004).

### III.   FACTS

On or about May 8, 2001, Samuel and Liza Wilson financed a $65,741 loan with CIT, secured by a mortgage lien against their house and lot located on 2721 County Road, Ashland, Kentucky.  They executed mortgage documents that were then recorded in the Boyd County Clerk's office on May 16, 2001.  Select Portfolio is servicing the mortgage.  The mortgage contains the following acknowledgment:

IN WITNESS WHEREOF, the undersigned (has-have) signed this instrument on the date and year first above written.

/s/Samuel G. Wilson         (Seal)
SAMUEL G. WILSON

/s/ Liza Wilson          (Seal)
LIZA WILSON

STATE OF KENTUCKY
COUNTY OF /hw/ Boyd   ss.                                          (Seal)

The foregoing instrument was acknowledged before me this  08 day of  MAY, 2001.

My commission expires /hw/ 11-30-02        /s/ Douglas Strayer
                                           (Notary Public)

Prepared by /s/ Douglas Strayer      /hw/ Bourbon         County, Kentucky.
            (Signature)

The Wilsons filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on January 17, 2005.  On May 13, 2005, the Trustee initiated an adversary proceeding against the Creditors seeking to avoid the mortgage on the Debtors' County Road property pursuant to Bankruptcy Code § 544.  According to the Trustee, the acknowledgment in CIT's mortgage securing the debt from the Debtors is defective because the notary's statement does not identify the Debtors as the individuals who acknowledged the execution of the mortgage.  Therefore, under Kentucky

law, the mortgage does not provide constructive notice to subsequent lien creditors or purchasers even though it was recorded. The Trustee filed a motion for summary judgment urging that inasmuch as the mortgage was defectively acknowledged, it should be avoided and preserved for the benefit of the estate under the holding of *Vance*, 99 F. App'x 25 (6th Cir. 2004).

The Creditors disputed that the mortgage was defectively acknowledged and argued that the mortgage provided constructive notice to subsequent creditors or purchasers because it was recorded and was properly acknowledged even though the Debtors were not named in the notary's certificate of acknowledgment. According to the Creditors, the fact that Debtors' names are the only omissions distinguishes this mortgage acknowledgment from the one in *Vance* in which the date and place of the acknowledgment were also omitted. The Creditors further argued that the Uniform Recognition of Acknowledgments Act, as enacted in Kentucky, was not meant to replace Kentucky's recording statutes, which require that the notary only certify the fact and place of an acknowledgment. Rather, the Uniform Act was meant to provide an additional method of proving notarial acts. The Creditors finally argued that, if read together, several of the Kentucky acknowledgment statutes lead to the conclusion that the acknowledgment without the Debtors' names in the certificate itself substantially complies with the statutory requirements rendering a deed capable of recordation and thus, sufficient to provide constructive notice to subsequent purchasers.

Relying on precedent from the Kentucky Supreme Court and the United States Court of Appeals for the Sixth Circuit, the bankruptcy court determined as a matter of law that the acknowledgment here does not satisfy applicable statutory requirements because it does not identify the Debtors as the persons who acknowledged execution of the mortgage. Consequently, the mortgage was not "acknowledged . . . according to law" as required by Kentucky Revised Statute § 382.270 in order to be "valid against a purchaser for valuable consideration, without notice thereof . . . ." The bankruptcy court concluded, therefore, that the mortgage was insufficient to put the Trustee as a hypothetical bona fide purchaser on notice of CIT's lien and that summary judgment in favor of the Trustee was appropriate. Accordingly, the Memorandum Opinion and Judgment were entered on August 17, 2005, avoiding CIT's lien and preserving it for the benefit of the estate. The Creditors timely filed this appeal.

The Creditors assert much the same arguments on appeal as they did before the bankruptcy court. They complain that the bankruptcy court's decision is an overly broad reading of the Sixth Circuit's *Vance* opinion and ignores the arguments and authorities they cite in support of a contrary outcome. The Trustee responds that the issues and mortgage here are essentially the same as those in *Vance*. She further contends that the additional authorities cited by the Creditors are not applicable to the issues here and that the bankruptcy court's application of *Vance* in this case was correct.

## IV. DISCUSSION

Pursuant to the Bankruptcy Code, in effect at the time the Debtors' filed their petition,[1] the Trustee is considered a bona fide purchaser of the Debtors' real estate and may therefore avoid certain obligations placed on the property that are voidable under state law. 11 U.S.C. § 544; *see also Rogan v. Bank One, N.A. (In re Cook)*, 457 F.3d 561, 566 (6th Cir. 2006). Kentucky law governs the question of whether CIT's security interest is superior to the Trustee's interests in the Debtors' real estate. *Id*. It does not matter whether the Trustee personally knew of the mortgage. "Rather, the inquiry focuses on whether a bona fide purchaser would have notice" under Kentucky law. *Thacker v. United Cos. Lending Corp.*, 256 B.R. 724, 728 (W.D. Ky. 2000).

At the time the Debtors executed the mortgage and through the time the bankruptcy court entered its Memorandum Opinion and Judgment awarding summary judgment in favor of the Trustee, Kentucky Revised Statute § 382.270 provided:

> **382.270 Instruments not valid against purchasers or creditors unless recorded**
>
> No deed or deed of trust or mortgage conveying a legal or equitable title to real property shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage is acknowledged or proved according to law and lodged for record. As used in this section "creditors" includes all creditors irrespective of whether or not they have acquired a lien by legal or equitable proceedings or by voluntary conveyance.

---

[1] Because the Debtors filed their bankruptcy petition prior to October 17, 2005, the case is governed by the Bankruptcy Code without regard to the 2005 amendments. *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 150(b)(1), 119 Stat. 23, 216 (2005). All statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1330 (2004), unless otherwise specifically noted.

Ky. Rev. Stat. Ann. § 382.270.[2]  Another statute that is relevant to this case, Kentucky Revised Statute § 423.130, provides:

**423.130 Certificate of person taking acknowledgment**

The person taking an acknowledgment shall certify that:

(1) The person acknowledging appeared before him and acknowledged he executed the instrument; and

(2) The person acknowledging was known to the person taking the acknowledgment or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

In *State Street Bank*, the Kentucky Supreme Court interpreted the phrase "without notice thereof" as used in Kentucky Revised Statute § 382.270 to mean "without actual knowledge of the existence of a mortgage, either unrecorded or improperly recorded, or knowledge of such facts as would lead a reasonably prudent person under like circumstances to inquire into the matter and discover the existence of that mortgage." *State Street Bank & Trust Co. v. Heck's, Inc.,* 963 S.W.2d 626, 630 (Ky. 1998).  As explained by the district court in *Thacker*,

In *State Street Bank*, an improperly executed mortgage had been recorded.  The court found that "the recordation of an unrecordable instrument does not constitute constructive notice." [*State Street Bank,* 963 S.W.2d at 630].  The court concluded that the inquiry did not end; other factors apart from the recording itself could provide notice.  In *State Street*, the mortgage at issue was referenced in another mortgage and the subordination agreement between the parties had been duly recorded.  These factors wholly separate from the recorded document gave notice.

*Thacker*, 256 B.R. at 729.  In *Thacker* the district court interpreted the *State Street Bank* holding that an unrecordable instrument does not constitute constructive notice to also mean that the unrecordable

---

[2] The statute was amended effective July 12, 2006, to provide that:

[I]f a deed or deed of trust or mortgage conveying a legal or equitable title to real property is not so acknowledged or proved according to law, but is or has been, prior to July 12, 2006, otherwise lodged for record, such deed or deed of trust or mortgage conveying a legal or equitable title to real property or creating a mortgage lien on real property shall be deemed to be validly lodged for record for purposes of KRS Chapter 382, and all interested parties shall be on constructive notice of the contents thereof.

instrument does not provide subsequent purchasers with inquiry notice because the distinction between the two would be illusory. *Id*.

The case of *Baker v. CIT Group/Consumer Fin., Inc. (In re Hastings)*, 353 B.R. 513 (Bankr. E.D. Ky. 2006) is substantially similar to the appeal before the Panel. In *Hastings*, the bankruptcy court concluded that a mortgage was void where the names of the mortgagors were left off the acknowledgment and that the words "acknowledged before me"[3] could not make an otherwise deficient notary clause satisfactory for recording purposes:

> [Creditor] takes the position that the words "acknowledged before me" in subsection (3) render the certificate of acknowledgment valid, even though the certificate does not identify the Debtors. Likewise, subsection (3) does not recite a requirement that the notary sign his or her name to the acknowledgment, but we do not believe the Legislature intended to validate acknowledgments which are not signed by the notary. This provision is not a stand-alone indicia of validity. It is intended to be taken in the context of all the regular requirements for a valid certificate of acknowledgment. Use of the words "acknowledged before me" is therefore insufficient in the absence of the elements set out in KRS 423.130 which sets out the requirements for a proper acknowledgment clause.

*In re Hastings*, 353 B.R. at 516-17. The bankruptcy court's reasoning is persuasive.

In *Vance*, the Sixth Circuit was presented with the same issue that is before this Panel under the same Kentucky statutes that are relevant to this appeal. The Sixth Circuit determined that a notary acknowledgment is defective and does not provide notice to a bankruptcy trustee where the

---

[3] The words "acknowledged before me" mean:

(1) That the person acknowledging appeared before the person taking the acknowledgment;

(2) That he acknowledged he executed the instrument;

(3) That, in the case of:

    (a) A natural person, he executed the instrument for the purposes therein stated;

    . . .

(4) That the person taking the acknowledgment either knew or had satisfactory evidence that the person acknowledging was the person named in the instrument or certificate.

Ky. Rev. St. § 423.150 (West 2006).

acknowledgment does not provide: (1) the identity and/or names of those who signed the mortgage; (2) the name of the county where the acknowledgment was taken; and (3) the date of the acknowledgment. *In re Vance*, 99 F. App'x. at 26.

Although the *Vance* decision was not published, it is instructive as to how the Sixth Circuit would analyze and determine the issue before this Panel. Additionally, notwithstanding the Creditors' contrary argument, the circumstances in *Vance* are substantially similar to those in this appeal. Furthermore, the Sixth Circuit similarly held in a published opinion addressing Tennessee law that a bankruptcy trustee could avoid a mortgage because the notary acknowledgment failed to provide the names of the individuals who had signed the mortgage. *See Gregory v. Ocwen Fed. Bank (In re Biggs)*, 377 F.3d 515 (6th Cir. 2004). We observe that Tennessee law on this issue is not distinguishable from Kentucky law and find the Sixth Circuit's discussion in *Biggs* regarding the importance of naming the signor in the acknowledgment to be particularly helpful. The Sixth Circuit stated:

> [T]he authentication of a deed of trust is not a purposeless formality. The procedure serves to verify the identity of the individual signing the instrument and to establish a fraud-free system for recording the ownership of real property–a necessary prerequisite to any free market. In this instance, the integrity of the acknowledgment is placed in doubt because it omits the most important information on the acknowledgment form: who, if anyone, is doing the acknowledging? Failing to name the individuals who signed the deed of trust bears directly on the ability of a subsequent purchaser of real property to verify that the instrument was signed by the true property owners. Without it, a purchaser is left to wonder who appeared before the notary, if indeed anyone appeared before the notary, to acknowledge their signatures. In this sense, the missing names "lend [ ] uncertainty about the legal effectiveness of the instrument and for that reason alone the acknowledgment fails substantially to comply with Tennessee law."

*Id.* at 519 (citations omitted).

We are constrained by the Sixth Circuit's decisions in *Biggs* and *Vance*. The bankruptcy court did not err in finding that the acknowledgment clause in this case was defective and therefore, did not provide constructive or inquiry notice to the Trustee.

## V. CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court is AFFIRMED in all respects.